FENNESSY-WILSON, LIMITED, *v.* J. A. BENN, DEFENDANT, MUTUAL TELEPHONE COMPANY, AN HAWAIIAN CORPORATION, GARNISHEE.

No. 1666.

EXCEPTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. J. R. DESHA, JUDGE.

SUBMITTED APRIL 5, 1926.            DECIDED MAY 15, 1926.

PERRY, C. J., LINDSAY AND BANKS, JJ.

AUTOMOBILE CONTRACT—*election.*

When an automobile is either sold or leased under an agreement which the buyer or lessee claims gives him the option to return the car or retain its possession and pay the stipulated price for it the failure of the buyer or lessee to return the car on the date specified in the contract (in which time is made the essence) and his retention of its possession for four months thereafter, without sufficient excuse, constitutes a waiver of his right to return and is a binding election by him to keep the car and his obligation to pay for it thus becomes absolute.

OPINION OF THE COURT BY BANKS, J.

This is an action at law brought by the plaintiff (appellant) against the defendant (appellee) on a promis-

sory note executed by the defendant to the plaintiff on August 5, 1922, for $846 and payable on August 5, 1923. The defendant·filed a general denial accompanied by the following affidavit: "J. A. Benn, being first duly sworn, on oath deposes and says: That he is the defendant above named; that he has a good defense on the merits in the above entitled action; that said defense is the following: That the promissory note sued upon was given without consideration; that the consideration therefor has failed; that said note was signed at the time a certain contract for the purchase of an automobile was made between defendant and plaintiff, one of the terms of which was that the sum of $846.00 (for which said promissory note was given) was to be the final purchase price of said automobile if and when defendant should elect to purchase same—and that defendant has never elected to purchase said automobile, but on the contrary returned same to plaintiff early in January, 1924, and that plaintiff accepted the surrender of said automobile and has ever since retained same, and that said promissory note, having thus been given upon a contingency that was never fulfilled, is not now enforceable, as to the whole or any part thereof, against defendant."

The contract, the subject of which was a Roamer automobile, is as follows:

"This lease, made this 5th day of August, 1922, between Fennessy-Wilson, Ltd., an Hawaiian Corporation of Honolulu, T. H., party of the first part, and J. A. Benn of the Wahiawa Wireless Station, Wahiawa, Oahu, T. H., party of the second part, Witnesseth:

"The party of the second part leases and hires of the party of the first part, and the party of the first part hereby lets and leases to the party of the second part the following described personal property: That certain Roamer Speedster, Factory No. 7N8642.

"Party of the second part agrees that he will not dis-

pose of said property, or take or allow said property to be taken out of the Territory of Hawaii, and to pay to said party for the rental, hire and use of said property the sum of Thirteen Hundred Ninety-six ($1396.00) Dollars, as follows                    Dollars on the date of the execution of this lease, and Fifty ($50.00) Dollars on the 5th day of each month thereafter for Eleven months, and such other sums as are hereinafter mentioned, together with interest from date on all amounts of rent unpaid at the rate of Nine per cent per annum, which said interest shall be payable on the dates that the installments of the rent fall due.

"It is expressly agreed, that the said first party retains the title to all said property, and the said second party acquires no interest in or title to said property; the second party shall take immediate possession of all said property, and so long as he complies with the provisions hereof he may retain such possession. Said second party shall keep said property in good repair and pay all taxes and assessments levied or assessed thereon as part of the rent thereof.

"The party of the first part shall keep said property insured, but said insurance will be at the expense of the second party as additional rental thereof, in case of loss the insurance money shall be retained by the party of the first part to the extent of the balance of the rent then unpaid under this lease, and the surplus, if any, paid to the party of the second part.

"All of said property shall be at the risk of the party of the second part so long as the same is not in the possession of the first party, and no loss thereof or damage thereto while not in possession of the first party shall relieve the second party from the payment of any part of said rent, or the payment of any amounts which may have been made by the first party under the terms of this lease, together with interest thereon as aforesaid. Should the second party fail to pay taxes or assessments on said property when due, or fail to pay for any insurance thereon when due, or fail to keep said property in good repair, or fail to pay any amount or amounts due any

person or persons by reason of said person having a lien upon said property for repairs, gasoline or oil, and/or supplies, furnished for said property, then the first party may at its option pay the same, or have said property repaired, and the amounts of said payments together with interest thereon at the rate of eight per cent per annum, shall be added to the next payment of rent becoming due, and shall be repaid to the first party by the second party with such payment.

"The second party agrees to pay to the first party the amount of any judgment which may be rendered against and paid by said party of the first part together with costs and counsel fees incurred therein, by reason of any damage to person or property caused by said above described property during the continuance of this lease.

"If the party of the second part fails to make any payments as herein provided, or fails to comply with the terms and conditions hereof in any respect, the first party may take possession of all of said property without legal proceedings, and all payments previously made by the second party to the first party shall be considered and apply as compensation for depreciation in value, and for the use and rental of said property, and as liquidated damages, and said second party waives all right to the money so paid.

"It is further understood and distinctly agreed by and between the parties hereto, that at the expiration of said term the second party shall return and deliver to the first party the above described property in good order and condition.

"It is further understood and distinctly agreed, by and between the parties hereto, that in the event said second party complies with all the terms and conditions of this agreement, said second party shall then (but not otherwise) have the right to purchase said property for the sum of Eight Hundred Forty-six ($846.00) Dollars, on the 5th day of August, 1923, and said first party shall be required to transfer and sell said property to said second party for the sum of Eight Hundred Forty-six ($846.00) Dollars in cash, to be paid first party by said second party on the said 5th day of August, 1923.

"It is further agreed, however, that time shall be the essence of this lease in every particular, and that unless all the conditions of the said foregoing lease shall have been fulfilled and performed by the second party, and the said Thirteen Hundred Ninety-six ($1396.00) Dollars paid as aforesaid, then the privilege to purchase said property hereby granted shall be waived and forfeited.

"The notes of the party of the second part this day given to secure payment of installments of rent and interest when due under the provisions hereof shall not be considered payment of such installments of rent and interest, anything herein or in said notes to the contrary notwithstanding.

"In case suit is brought to recover said property, or any part thereof, or any part of the amount due under this agreement, said second party agrees to pay a reasonable sum as and for attorney's fees for said first party.

"This agreement shall bind and enure to the benefit of the heirs, executors, administrators and assigns of the parties hereto.

"In Witness Whereof, the parties hereto have hereunto set their hands and seals this 14th day of August, 1922."

The contract is misty with ambiguity. It has some of the elements of a lease and some of the elements of a conditional sale. It is fairly deducible from the entire instrument that it was the intention of the Fennessy-Wilson, Limited (the appellant), to ultimately sell the automobile to J. A. Benn (the appellee) for the sum of $1396 and the intention of Benn to ultimately buy it at that price. It is also fairly deducible that in the event the appellee decided to buy the automobile the amounts paid by him for its use were to be credited on the purchase price and he was to get title upon paying the balance due. The appellee did not file a brief in this court nor was the case orally argued. It is evident, however, from the record that his contention in the court below was that under the contract he was given the right to choose between alternative means of discharging his obligation

to the appellant—one, by keeping the car and paying the agreed price, and the other, by returning the car to the appellant.

From the instructions given as well as those refused by the court below it is apparent that the trial judge accepted this as the correct interpretation of the contract. Upon the issues presented to the jury a verdict was rendered for the defendant (appellee). The appellant moved for a judgment *non obstante veredicto*. The motion was overruled and the appellant excepted.

Assuming, but not deciding, that the appellee's contention regarding the construction of the contract is correct, we are nevertheless, for the following reasons, of the opinion that the motion for a judgment *non obstante* should have been granted. The "lease," as it is denominated in the contract, expired August 5, 1923. Up to that date the appellee had paid to the appellant in different installments the total sum of $550, leaving a balance due from him to the appellant, if he exercised his option to buy, of $846, which was evidenced by his promissory note upon which this suit was brought. Having, as he claims, the right to return the car to the appellant and thus cancel his obligation to pay for it it was his duty under the contract to exercise this right on the date that the lease expired. This was his clear and unequivocal agreement with the appellant, expressed as follows: "It is further understood and distinctly agreed, by and between the parties hereto, that at the expiration of said term the second party shall return and deliver to the first party the above described property in good order and condition." Taking the view of the contract most favorable to the appellee, he promised to do one of two things—return the car at the expiration of the lease or keep it and pay for it. Time was by agreement of the parties made the essence of the con-

tract.   This excludes the idea that the appellee had a reasonable time after the date on which the lease expired to exercise his right to return the car and thereby cancel his obligation to pay for it.   Under the undisputed evidence he did not return it or offer to return it on the date agreed to but actually kept it in his possession until January, 1924.   This was a waiver of any right he might have had to return the car and was under the law an election by him to keep it.   Having elected to keep it his obligation to pay for it became incontestable on any of the grounds set up in his defense to this action.   His election once made became binding upon him and he could not without the consent of the appellant thereafter repudiate it.   What occurred subsequently, as disclosed by the evidence, shows conclusively that the appellant did not consent.   Sometime in September, 1923, the appellee for the first time called on the vice-president of the appellant company and stated to him that because of an "increase in his family" he was unable to pay the balance due on the purchase price of the car and offered to return it.   The appellant speaking through its vice-president and manager declined this offer and stated to the appellee that the car was his (appellee's) and that he (the vice-president and manager) would have nothing to do with it.   The appellee thereafter kept the car in his possession until January, 1924, at which time, without the consent of the appellant, he left it at the appellant's place of business in Honolulu where it still remains.

For the foregoing reasons we think the motion for a judgment *non obstante veredicto* should have been granted.   The case is reversed and remanded to the lower court with instructions to grant the motion.

*Robertson & Castle* for plaintiff.

Defendant filed no brief.

CONCURRING OPINION OF PERRY, C. J.

It is unnecessary to say whether the transaction under which defendant took possession of the automobile was a lease, a conditional sale or a mortgage. The rights and the obligations of the parties to the contract are to be ascertained, not from the classification or name to be given to the transaction, but from the terms of the written contract or memorandum of agreement which they signed.

Under date of August 5, 1921, the parties executed a written contract in all respects expressed in the same language used in the contract of August 5, 1922, save that (a) the total sum agreed upon "for the rental, hire and use" of the property was $2200, (b) the installments to be paid were somewhat different, (c) the last note was in the sum of $1200 and was to be paid on August 15, 1922, and (d) the right or privilege to purchase was to be exercised on August 15, 1922. At defendant's request, the time for payment of the last note of $1200 was extended and the method adopted for accomplishing and expressing the extension was by executing the contract of August 5, 1922 (the cost of insurance and perhaps other expenses being added to the $1200 and thus making up the new total of $1396). Upon the execution of the second contract, the note for $1200 was cancelled.

Under the first contract the defendant's obligation to pay $2200 was absolute and unconditional; and under the second contract his obligation to pay the $1396 was likewise absolute and unconditional. Each of the promissory notes given by him in pursuance of the terms of the two contracts was an absolute promise to pay the amount there named. Neither by the terms of the note nor by the terms of the contract was the defendant's obligation to pay the last note of $846 (the note now sued on) conditional upon defendant's not exercising an option to return the car to the plaintiff, whether before

or after its due date, August 5, 1923. There was no such condition. On the contrary, he expressly obligated himself "that at the expiration of said term" he would "return and deliver" the property "in good order and condition" to the plaintiff,—unless he exercised the option, at the end of the term named, to purchase and take the car.

The only option available to him under the terms of the contract was a mere formal right to a bill of sale upon first making payment of the last note (as well as all the other notes) which he had obligated himself to pay irrespective of the exercise of this sole option.

Neither directly nor inferentially does the contract provide that the defendant could, by a return or tender of the property, absolve himself from the obligation to pay the last note or any other note or notes.

The cancellation of the earlier note of $1200 and the extension of the time for payment constituted sufficient, legal consideration for the giving of all of the notes of the second set, including the one now sued on.

I concur in the conclusion that judgment should be entered for the plaintiff for the amount claimed, notwithstanding the verdict.